# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Mag. No. 20-10432 |
| | : | |
| v. | : | Hon. Michael A. Hammer |
| | : | |
| JUAN CARLOS MALDONADO | : | |

I, Task Force Officer Matthew Herbert, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Task Force Officer with the United States Drug Enforcement Administration, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

_____
Task Force Officer Matthew Herbert
Drug Enforcement Administration

TFO Matthew Herbert attested to the Complaint by telephone on December 3, 2020, pursuant to FRCP 4.1(b)(2)(A) in the District of New Jersey,

HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE

_Honorable Michael A. Hammer_
Signature of Judicial Officer

## **ATTACHMENT A**

On or about December 2, 2020, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**JUAN CARLOS MALDONADO,**

did knowingly and intentionally distribute and possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

## **ATTACHMENT B**

I, Matthew Herbert, am a Task Force Officer with the United States Drug Enforcement Administration ("DEA"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, the statements of individuals, and my review of reports, documents, and other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. Based on information received from reliable sources, on or about December 2, 2020, at approximately 9:12 p.m., law enforcement conducted a narcotics investigation in the vicinity of Newark Penn Station ("Penn Station"), in Essex County, District of New Jersey. While surveilling the area, law enforcement observed an unknown male, later identified as defendant Juan Carlos Maldonado ("MALDONADO"), exit a Greyhound bus from New York carrying a weighted black bookbag (the "Bookbag"). Law enforcement noticed that other disembarking passengers carried multiple pieces of luggage while MALDONADO appeared to possess only the Bookbag.

2. Law enforcement observed MALDONADO speak briefly with several individuals in a manner consistent with someone inquiring about directions. Law enforcement also observed MALDONADO enter and exit Penn Station several times and act as though he were waiting for someone.

3. After observing MALDONADO engage in this conduct for approximately 45 minutes, law enforcement approached MALDONADO to inquire as to his identification and itinerary. Based upon the officer's training and experience, drug traffickers commonly utilize public transit stations as meeting locations for the transportation and/or exchange of narcotics.

4. Shortly after law enforcement approached MALDONADO, a crowd began to gather and, for officer and public safety reasons, law enforcement requested that MALDONADO accompany them to a police substation located within Penn Station. After voluntarily doing so, MALDONADO provided law enforcement with consent to search the Bookbag and from within the Bookbag, law enforcement recovered a gray plastic bag containing what appeared to be a kilogram of narcotics wrapped in tape.

5. Law enforcement observed what appeared to be a puncture in the wrapping of the kilogram with a grainy powdery residue visible beneath it. After being *Mirandized*, MALDONADO advised law enforcement that he had been traveling from Texas to Ohio but had become lost and wound up in New Jersey.

MALDONADO further stated that he had obtained the package containing the kilogram from an individual in Texas and had forgotten that it was in the Bookbag. In a search incident to his arrest, law enforcement recovered Greyhound bus tickets reflecting a trip from Texas to Newark, and another from New York to Newark.

6. The substance recovered from the Bookbag field-tested positive for the presence of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide), a Schedule II controlled substance.